**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Counsel for Mark Politan, Ch. 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WHAIRHOUSE REAL ESTATE INVESTMENTS, LLC,[1]<br><br>    Debtors. | Case No. 23-16723 (RG)<br><br>Chapter 11<br>(Jointly Administered) |

**CERTIFICATION OF MARK POLITAN, CHAPTER 11 TRUSTEE, IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER (1) AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY LOCATED AT (A) 14 aka 6 GUENTHER PLACE, PASSAIC, NEW JERSEY; (B) 16 aka 8 GUENTHER PLACE, PASSAIC, NEW JERSEY; AND (C) 84-86 MADISON STREET, PATERSON, NEW JERSEY, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b), (f) AND (m) TO B.I.J.I. HOLDINGS, LLC AND/OR ITS ASSIGNEE OR DESIGNEE; (2) FOR A CARVE-OUT PURSUANT TO 11 U.S.C. § 506 AND PAYMENT OF PROFESSIONAL FEES; (3) APPROVING THE ASSUMPTION AND ASSIGNMENT OF PRE-PETITION LEASES AND CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365; (4) GRANTING TAX RELIEF PURSUANT TO 11 U.S.C. § 1146; (5) DIRECTING THE SHERIFF TO TURN OVER THE DEPOSIT; AND (6) GRANTING RELATED RELIEF**

**MARK J. POLITAN**, of full age, hereby declares under penalty of perjury, as follows:

1.    By order dated October 16, 2023 (the "Order"), the court approved my appointment as the Chapter 11 Trustee (the "Trustee") to the Chapter 11 debtors, Whairhouse Real Investments, LLC ("Whairhouse RE"), Taylor Court Apartments, LLC ("Taylor"), and Whairhouse Limited

---

[1] The Debtors in these Chapter 11 case, along with their case numbers are as follows: Whairhouse Real Estate Investments, LLC (Case No. 23-16723 (RG)), Taylor Court Apartments LLC (Case No. 23-16641 (RG)), and Whairhouse Limited Liability Company (Case No. 23-17272 (RG)).

Liability Company ("Whairhouse LLC" and collectively referred to with Whairhouse RE and Taylor as the "Debtors").

2.Upon information and belief, prior to my appointment as the Trustee, on June 6, 2023, the real property more commonly known as 14 aka 6 Guenther Place, Passaic, New Jersey, 16 aka 8 Guenther Place, Passaic, New Jersey, and 84-86 Madison Street, Paterson, New Jersey (collectively, the "Properties") were held for auction at a sheriff sale at the Office of the Passaic County Sheriff (the "Sheriff Sale").

3.Upon information and belief, the Properties obtained a final bid of $900,000 from B.I.J.I. Holdings, LLC (the "Purchaser") at the Sheriff Sale. A copy of the foreclosure bidding results is attached as **Exhibit A**.

4.Upon information and belief, the Purchaser never finalized the purchase of the Properties due to Whairhouse RE's commencement of the Chapter 11 bankruptcy, the automatic stay and resulting extension of the redemption period.

5.Upon the appointment as Trustee, I commenced negotiations with Michael D. Yablonsky, Esquire, attorney for the Purchaser in connection with a potential contract for the sale of the Properties to the Purchaser.

6.Mr. Yablonksy

7. and my counsel have engaged in thorough, transparent negotiations which have culminated in a contract for the sale of the Properties. A true copy of the Contract for the Sale of Real Estate (the "Contract") is attached hereto as **Exhibit B**.

8.The Purchaser will tender $4,000 toward outstanding real estate taxes and sewer charges. The Seller will tender the remaining payment due for any outstanding taxes due.

I certify that the statements made herein are true. I understand that if any of the statements made herein are willfully false, I am subject to punishment.

Dated: December 7, 2023                                              /s/ Mark J. Politan
                                                                                                 Mark J. Politan

# EXHIBIT A

[Screenshot of Open Public Records Request interface, rotated 90°]

**Open Public Records Request (RO10551-112023)**

Details | Activities (0/0) | Attachments (0) | Customer

∨ Open Public Records Request Details

| Field | Value |
|---|---|
| Department Requesting Records from: | Sheriff Department |
| Type of Record(s) Requested: | Sheriff Department - Other |
| Describe the Record(s) Requested: | Foreclosure Sale results including the number of bidders and the amount bid by each bidder |
| | Details F-23005566 6/6/2023 COLONY AMERICAN FINANCE 2016-2 LTD, ETC WHARHOUSE REAL ESTATE INVESTMENTS LLC, ET ALS. 14 aka 6 Guenther Place and 16 aka 8 Guenther Place Passaic NJ 07055 and 84-86 Madison Street Paterson NJ 07501 |
| Preferred Method to Receive Records: | ● Electronic via Records Center<br>○ Inspect On-site<br>○ Copies on CD<br>○ Fax<br>○ Pick-up Copies<br>○ US Mail |
| Please Choose: | I agree with the statement above. |

∨ Message History

Date ▼

> On 11/20/2023 12:41:07 PM, System Generated Message to robrien@polsinelli.com.
Body: Click Here to View Entire Message
On 11/20/2023 12:41:03 PM, REBECCA M O'BRIEN (robrien@polsinelli.com) wrote:
Request Created on Public Portal

**Right side panel:**

| Field | Value |
|---|---|
| Reference No | RO10551-112023 |
| Create Date | 11/20/2023 12:41 PM |
| Original Creation Date | 11/20/2023 12:41:03 PM |
| Update Date | 11/20/2023 12:41 PM |
| Required Completion Date | 12/1/2023 12:41 PM |
| Current SLA Start Date | 11/20/2023 12:41 PM |
| SLA Age | 0 Days |
| SLA Days Left | 7 Days |
| Completed/Closed | No |
| Status | Assigned |
| Priority | Medium |
| Assigned Dept | Sheriff |
| Assigned Staff | Brad Foresteri |
| Customer Name | REBECCA M O'BRIEN |
| Email Address | |

**Handwritten annotations:**

2023-11-27 Foreclosure Sale Results

OPRA REQUEST RO10551-112023

Sheriff's # 23005566        Control # 162452

| Bid | Name of Bidder |
|---|---|
| 100 | Plaintiff |
| 795,755 | John Rodriguez  1,255,020— |
| 797,000 | Harsh Savalia |
| 800,000 | JR |
| 801,000 | HS |
| 810,000 | JR |
| 811,000 | HS |
| 815,000 | JR |
| 816,000 | HS |
| 817,000 | JR |
| 818,000 | HS |
| 819,000 | JR |
| 820,000 | HS |
| 830,000 | JR |
| 831,000 | HS |
| 840,000 | JR |

Amount announced by Pltff's Representative: $795,755

Sheriff's # 23000566        Control # 162452

| Bid | Name of Bidder |
|---|---|
| 841,000 | HS |
| 850,000 | JR |
| 851,000 | HS |
| 855,000 | JR |
| 856,000 | HS |
| 860,000 | JR |
| 861,000 | HS |
| 870,000 | JR |
| 871,000 | HS |
| 880,000 | JR |
| 881,000 | HS |
| 885,000 | JR |
| 886,000 | HS |
| 900,000 | JR SOLD 2:27 |

Amount announced by Pltf's Representative:

# EXHIBIT B

# CONTRACT FOR SALE OF REAL ESTATE

This Contract for Sale is made on the date that is fully executed.

Between, the Seller whose name and address is:

**MARK POLITAN, CHAPTER 11 TRUSTEE FOR WHAIRHOUSE REAL ESTATE INVESTMENTS, LLC**
referred to as the Seller,

And the Buyer whose name and address is:

**B.I.J.I. Holdings, LLC, 28 Prince Street, Elizabeth, NJ 07208**
referred to as the Buyer.

1. Purchase Agreement. The Seller agrees to sell and the Buyer agrees to buy the property described in this contract. The purchase price is **$900,000.00.**

2. Payment of Purchase Price. The Buyer will pay the purchase price as follows:
Previously paid by the Buyer ("Deposit"): **$180,000.00.   The Deposit is currently being held by the Sheriff of Passaic County ("Sheriff").**
Amount of mortgage **$720,000.00**
Balance to be paid at closing of title: **$720,000.00**

3. Payments at Closing. The payments made to the Seller at the closing (after all adjustments have been made) shall be by attorneys trust account check or by certified or bank cashier's check, if requested in advance of closing.

4. Deposit Moneys. All deposit moneys[1] will be held in trust until the closing of title by the attorney for the Chapter 11 Trustee whose name and address are:  **Anthony Sodono, III, c/o McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Roseland, New Jersey 07068.  Deposit shall be refundable only if the Buyer is not the successful purchaser.**

5. Real Estate. The Property to be sold includes the land and all the buildings, other improvements and fixtures on the land; and all of the Seller's rights relating to the land.  The real estate to be sold is commonly known as **14 aka 6 Guenther Place** shown as lot 43, block 3279 on the municipal tax map **and 16 aka 8 Guenther Place** shown as lot 44, block 3279 on the municipal tax map**, Passaic, New Jersey 07055 and 84-86 Madison Street** shown on the municipal tax map as Lot 10.02 in Block 6108**, Paterson, NJ 07501 (the "Property").**

---

[1] As noted, the Sheriff is currently in possession of the Deposit.  The Trustee, in his motion to approve the sale of the Property (defined herein) will seek an order requiring the Sheriff to turn over the $180,000 Deposit.

6. Personal property included in the sale: appliances and similar items owned by the landlord / owner.

7. Intentionally blank

8. Fixtures. Fixtures are items of property that have become so attached to a building or other real property that they become a part of it.

9. Time and Place of Closing. Unless otherwise agreed, the closing for this transaction ("Closing") shall be held ten (10) days after the occurrence of the later of the following events: (1) the Order of the Court approving this Agreement and the transaction described herein becoming final and non-appealable; (2) if any person appeals or otherwise opposes the Order of the Court so as to prevent it from becoming final and non-appealable and said Order is not stayed pending the completion of that appeal, the date of said Order; or (3) if any person appeals or otherwise opposes the Order of the Court so as to prevent it from becoming final and non-appealable and the Order is stayed pending appeal, a final and non-appealable resolution of any such appeal or opposition in favor of approval of this Agreement and the transactions described herein. The Buyer and Seller agree to make **January 05, 2024**, the estimated date for the closing. Both parties will fully cooperate so the closing can take place on or before the estimated date. The closing will be held at **Clear Skies Title Agency,** 16 Bleeker St Suite A, Millburn, NJ 0704. Any extension of the closing date shall not be unreasonably withheld.

On or after December 22, 2023, the Buyer may cancel if the Seller does not obtain an order from the United States Bankruptcy Court, District of New Jersey (the "Bankruptcy Court") conveying the Property free and clear of liens, claims, encumbrances and interests of any kind or nature except for real property taxes. The Buyer shall assume up to Four Thousand Dollars ($4,000.00) of the real property taxes, municipal water charges, and sewer charges due and owing. The Seller shall be responsible for any outstanding real estate taxes as of the Closing Date.

10. Transfer of Ownership. At the closing, the Seller will transfer ownership of the Property to the Buyer. The Seller will give the Buyer a properly executed Trustee's Deed approved by buyer's title company and an adequate affidavit of title.

11. Physical Condition of the Property. The Property is being sold "as is." The Seller does not guarantee the condition or value of the Property. The Seller agrees to maintain the grounds, buildings and improvements subject to ordinary wear and tear until the sale closes.

Time for Inspections. The Buyer must complete all inspections within 14 days of the date that this contract is agreed by all parties. The Seller agrees to allow the Buyer reasonable access for

4857-7371-9445, v. 1

such inspections. The Buyer will notify the Seller of the results when the written reports are available.

Corrective Action. The Buyer may cancel if the Buyer is dissatisfied for any or no reason with the results of his inspections.

12. Ownership and Title. The Property will be conveyed to the Buyer free of all liens, claims, encumbrances or interests of any kind pursuant to an order of the United States Bankruptcy Court and rights of others with the following exceptions:

(a) the rights of utility companies to maintain wires, cables, pipes, etc. over and under the street, the part of the property next to the street or running to any house or other improvement on the property, and

(b) any recorded easements or rights of way, if any.

The ownership by the Buyer must be insurable at regular rates by any title insurance company authorized to do business in New Jersey subject only to the above exceptions.

The Buyer may cancel if the Buyer is dissatisfied for any reason with the above-referenced exceptions after reviewing the same upon receipt of the title report.

13. Property Lines. This contract is contingent upon the buyer being satisfied that all of the improvements on the property are within its boundary lines and that no improvements on adjoining properties extend across the boundary lines of this property.

14. Correcting Defects. If the title to the Property is not satisfactory in accordance with the ownership and title and property lines paragraphs, the Seller will be notified and allowed an additional 10 days to provide compliance. If the Property still does not comply after that date, the Buyer may cancel this contract or give the Seller more time to comply.

15. Delivery of Possession—Tenants. The Property is currently tenant-occupied. The Seller will not renew or modify any lease, if any, without the consent of the Buyer. The Seller will be under no obligation to remove a non-paying tenant, if any.

16. Adjustments at Closing. The following expenses will be adjusted between the parties as of the date of closing: rents. Buyer shall pay up to Four Thousand Dollars ($4,000.00) toward any outstanding municipal water charges, sewer charges, and real estate taxes. If the Property is heated by fuel oil, the Buyer will buy the fuel oil in the tank, at its current price as calculated by the supplier, at the closing date. The Seller shall be responsible for any outstanding real estate taxes as of the Closing Date.

17. Assignments. Prior to approval by the Bankruptcy Court as set forth hereinbelow, this contract may be assigned by the Buyer without the written consent of the Seller. It cannot be assigned by the Buyer after the hearing on approval before closing.

18. Cancellation of Contract. If either party legally and rightfully cancels this contract, the deposit monies will be returned to the Buyer and the parties will be free of liability of each other.

19. Complete Agreement. This contract is the entire and only agreement between the Buyer and the Seller. This contract replaces and cancels any previous agreements between the Buyer and the Seller. This contract can only be changed by an agreement in writing signed by both Buyer and Seller. The Seller states that the Seller has not made any other contract to sell the property to anyone else.

20. Mortgage Contingency. Buyer has until January 6, 2024, to obtain a mortgage commitment in the amount of $720,000.00. If Buyer is unable to obtain such commitment, Buyer may cancel this contract.

21. Notices. All notices under this contract must be in writing. The notices may be delivered by facsimile transmission, email or mail to the other party's attorney.

22. Parties Liable. This contract is binding upon all parties who sign it and all who succeed to their rights and responsibilities.

23. Seller to Pay Broker's Commission. Not applicable. Buyer and Seller represent that they have not engaged a broker. If a broker is retained by the Trustee, the Trustee must retain such broker by order of the court. Any broker hired shall be paid a 5% commission from the sales proceeds.

24. Risk of Loss. The Seller agrees to maintain the Property in its present condition. The Seller will be responsible for any damage to the property, except for normal wear and tear, until the closing. If there is damage, however, the Buyer has the following choices:
1. Require that the Seller repair the damage before the closing; or
2. Deduct from the purchase price the fair and reasonable cost of the repair of the Property.

The Buyer may cancel the contract, however, if there is damage to the Property and the cost of repair is more than 10% of the purchase price.

25. Well Water. Not applicable.

26. Security deposits. The Seller will transfer all security deposits, if any, to the Buyer at closing.

4857-7371-9445, v. 1

27. Leases. The Seller will deliver to the Buyer any and all leases, if any, and if available, for each rental unit and certificates of occupancies, if any, and like documents for each rental unit. Seller will make reasonable efforts to obtain the Leases.

28. Rent roll and financial documents. The Seller will deliver a current rent roll for the building, if available, that shows the rent for each unit and the security deposit for each unit. The Seller will provide any and all financial information in its possession or control relating to the Property.

29. Bulk sale. The Order obtained from the Bankruptcy Court shall include a waiver of bulk sale compliance and transfer taxes.

Bankruptcy Provisions

This offer is being submitted as an offer to a Trustee in a pending bankruptcy proceeding and is only binding if it is approved by the United States Bankruptcy Court for the District of New Jersey.  It is subject to higher and better offers up to twenty-four (24) hours before the hearing to approve the sale.  Any higher or better bidder must bid on the same terms as conditions as the current bid and must be least a bid in the amount of $950,000.  Any bids thereafter shall be in $10,000 increments.  If the Seller receives and accepts a higher and better offer, Buyer shall have the right but not the obligation, to submit additional offer(s) either prior to or at the time of the Hearing to approve the sale.  In the case that there are competing offers submitted, the Seller reserves the right to set certain conditions concerning the timing of submission of higher and/or better offers.  If a court order is not entered approving the sale and this Contract of Sale, the Seller and the Buyer shall both be released from all liability to one another and this Agreement shall become null and void.  If the Seller is not able to close on the date contemplated herein due to delays caused by the bankruptcy approval process, including sending notice to creditors, such delay in closing shall not constitute breach of the terms of this Agreement.  ***The Buyer acknowledges that the sale is subject to higher and better offers and approval by the court.***

Miscellaneous

The Seller is Mark Politan, Chapter 11 Trustee, c/o McManimon, Scotland & Baumann, LLC.

Buyer shall obtain such abstracts or reports of title and other searches as Buyer deems necessary at Buyer's sole expense.  Title is to be conveyed "as is" to Buyer by Trustee's Deed.  Seller makes no representations and warranties, express or implied, with respect to the state of the Property, the status of title or any other matter relating to or pertaining to the transaction contemplated herein.

Seller shall be under no obligation to obtain or pay for a survey.

All back taxes, judgments, utility bills and other debts, which are liens against the Property, shall be paid and/or released and/or assumed at Closing.

SIGNED AND AGREED TO BY:

| Witnessed or Attested by: | Dated Signed: | Signatures: |
|---|---|---|
| *[signature: Sam Hau]* | December 06, 2023 | *[signature]* <br> Mark Politan, Chapter 11 Trustee for Whairhouse Real Estate Investments, LLC |
| *Michael Yablonsky* | December 06, 2023 | *[signature]* <br> B.I.J.I. Holdings, LLC <br> John N. Rodriguez, Manager |

4883-6886-7733, v. 1