**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WHAIRHOUSE REAL ESTATE INVESTMENTS, LLC,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-16723 (RG)<br><br>(Jointly Administered) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TRUSTEE FOR WHAIRHOUSE REAL ESTATE INVESTMENTS, LLC, FOR AN ORDER (1) AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY LOCATED AT (A) 14 aka 6 GUENTHER PLACE, PASSAIC, NEW JERSEY; (B) 16 aka 8 GUENTHER PLACE, PASSAIC, NEW JERSEY; AND (C) 84-86 MADISON STREET, PATERSON, NEW JERSEY, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b), (f) AND (m) TO B.I.J.I. HOLDINGS, LLC AND/OR ITS ASSIGNEE OR DESIGNEE; (2) FOR A CARVE-OUT PURSUANT TO 11 U.S.C. § 506 AND PAYMENT OF PROFESSIONAL FEES; (3) APPROVING THE ASSUMPTION AND ASSIGNMENT OF PRE-PETITION LEASES AND CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365; (4) GRANTING TAX RELIEF PURSUANT TO 11 U.S.C. § 1146; (5) DIRECTING THE SHERIFF TO TURN OVER THE DEPOSIT; AND (6) GRANTING RELATED RELIEF.**

　　　　　　　　　　　　　　　　　　　　**McMANIMON, SCOTLAND**
　　　　　　　　　　　　　　　　　　　　**& BAUMANN, LLC**
　　　　　　　　　　　　　　　　　　　　75 Livingston Avenue, Suite 201
　　　　　　　　　　　　　　　　　　　　Roseland, New Jersey 07068
　　　　　　　　　　　　　　　　　　　　(973) 622-1800
　　　　　　　　　　　　　　　　　　　　*Counsel for Mark Politan, Ch. 11 Trustee*

---

[1] The Debtors in these Chapter 11 case, along with their case numbers are as follows: Whairhouse Real Estate Investments, LLC (Case No. 23-16723 (RG)), Taylor Court Apartments LLC (Case No. 23-16641 (RG)), and Whairhouse Limited Liability Company (Case No. 23-17272 (RG)).

Mark Politan, Chapter 11 Trustee (the "Trustee"), by and through his undersigned counsel, McManimon, Scotland & Baumann, LLC, hereby submits this motion for an Order (1) authorizing the Trustee to sell the real property located at (a) 14 aka 6 Guenther Place, Passaic, New Jersey; (b) 16 aka 8 Guenther Place, Passaic, New Jersey; and (c) 84-86 Madison Street, Paterson, New Jersey to B.I.J.I. Holdings, LLC and/or its assignee or designee free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. §363(b), (f) and (m); (2) for a carve-out pursuant to 11 U.S.C. § 506 and payment of professional fees; (3) approving the assumption and assignment of pre-petition leases pursuant to 11 U.S.C. § 365; (4) granting tax relief pursuant to 11 U.S.C. § 1146; (5) directing the Sheriff to turn over the Deposit; and (6) granting related relief (the "**Motion**").

## STATEMENT OF FACTS

On or about June 30, 2016, Colony American Finance Lender, LLC (the "**Original Lender**"), and Chapter 11 Debtor, Whairhouse Real Estate Investments, LLC ("**Whairhouse RE**") entered into a commercial mortgage loan in the principal amount of $1,521,000.00 (the "**Loan**"). To secure the obligations under the Loan, Whairhouse RE executed and delivered to the Original Lender a Mortgage (the "**Mortgage**") encumbering certain real property more commonly known as 6 Guenther Place, Passaic, New Jersey, 8 Guenther Place, Passaic, New Jersey, and 84-86 Madison Street, Paterson, New Jersey (collectively, the "**Properties**").

Thereafter, upon information and belief, the Original Lender assigned all of its interest, right and title to the Loan, Mortgage and related loan documents to Colony American Finance 2016-2, Ltd. ("**Colony**").

Whairhouse RE then defaulted on its obligations under the Loan and Mortgage failing to timely pay the amounts due and owing to Colony in May 2018 and continuing to remain delinquent

2

thereafter. As a result, Colony filed a complaint in foreclosure on October 23, 2018 in the Superior Court of New Jersey, Chancery Division, Passaic County, under docket No. SWC-F-021368-18 (the "**Foreclosure**"). Colony obtained final judgment in the Foreclosure on January 10, 2023, in the total amount of $969,317.28.

A sheriff sale of the Properties was held on June 6, 2023 (the "**Sheriff Sale**") wherein the Properties were placed for bidding at open auction. Upon information and belief, the Sheriff Sale bidding began at $100 and resulted in a sale price of $900,000, with the Properties being sold to a third-party purchaser, B.I.J.I. Holdings, LLC (the "**Purchaser**"). Upon information and belief, the Purchaser paid to the Sheriff of Passaic County (the "**Sheriff**") a deposit in the amount of $180,000 (the "**Deposit**") in connection with the purchase of the Properties at the Sheriff Sale. Furthermore, upon information and belief, there was lack of notice or a noticing issue in connection with the Sheriff Sale by the Sheriff.

Subsequent to the Sheriff Sale, the Court extended Whairhouse RE's redemption period until August 5, 2023. As the Court is aware, Whairhouse RE filed its voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code on August 4, 2023, thereby staying any further transfer of the Properties and extending the redemption period for the Properties until October 4, 2023.

On October 18, 2023, Colony filed a motion for relief from the automatic stay in Whairhouse RE's Chapter 11 bankruptcy, seeking relief in order to exercise all rights related to the Properties. ECF 24.

The Trustee now seeks an order approving, among other things, the sale of the Properties to the Purchaser pursuant to and in accordance with the terms and conditions of the Contract for the Sale of Real Estate (the "**Contract**"). See Exhibit B to the Certification of Mark J. Politan In Support of the Motion (the "Politan Cert."), ¶6.

3

**LEGAL ARGUMENT**

The Trustee is seeking to sell the Properties pursuant to 11 U.S.C. § 363(b), (f), and (m) and Fed. R. Bankr. P 6004(f)(1).

**THE TRUSTEE SHOULD BE AUTHORIZED TO SELL THE PROPERTY PURSUANT TO SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE**

Bankruptcy Code Section 363(b)(l) provides that, "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(l); see also Fed. R. Bankr. P. 6004(f)(1) (authorizing sales outside of the ordinary course of business to be conducted privately or by public auction). The sale set forth herein is a "private" sale.

**A. The "Sound Business Purpose Test" is Satisfied**

The Third Circuit, and courts within it, have found that a sale of a debtor's assets should be authorized pursuant to Bankruptcy Code Section 363 if a sound business judgment exists for such a sale. Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999); In re Del. & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991) (applying the "sound business purpose test" set forth in Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983)).

Courts typically consider the following four factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale; (ii) whether adequate and reasonable notice of the sale was given to interested parties; (iii) whether the sale will produce a fair and reasonable price for the property; and (iv) whether the parties have acted in good faith. In re Weatherly Frozen Food Group, Inc., 149 B.R. 480, 483 (Bankr. N.D. Ohio 1992); Del. & Hudson Ry., 124 B.R. at 176; In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (Bankr. D. Del. 1987); In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

4

In this case, consideration of these four factors warrants approval of the Trustee's proposed sale of the Properties.

### i. Sound Business Justification for Private Sale

In addition to the Abbotts Dairies requirements, courts consistently require debtors to establish a "sound business purpose" to sell any or all of their assets before confirmation of a reorganization plan. In re Lionel Corp. 722 F.2d 1063 (2d Cir. 1983); Delaware & Hudson Railway., 124 B.R. at 175-76; In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); In re Sovereign Estates, Ltd., 104 B.R. 702, 704 (Bankr. ED. Pa. 1989); In re Conroe Forge & Manufacturing Corp., 82 B.R. 781, 783-86 (Bankr. W.D. Pa. 1988); Industrial Valley, 77 B.R. at 21.

This showing of a sound business justification does not have to be unduly exhaustive. Rather, a debtor is "simply required to justify the proposed disposition with sound business reason." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

In the present matter, there is a sound business justification for the sale of the Properties because it will allow the Trustee to sell the Properties thereby producing additional funds for the Trustee to satisfy claims asserted by creditors against Whairhouse RE's estate and aid in the effective liquidation of Whairhouse RE.

Accordingly, it is in the best interests of Whairhouse Re's estate and all creditors, to sell the Properties.

### ii. The Debtor is Providing Adequate Notice of the Sale

In accordance with Bankruptcy Rule 6004, sales of property outside the ordinary course of business may be by private sale or public auction. Fed. R. Bankr. P. 6004(f)(1). Bankruptcy Rule 6004 further provides that "[n]otice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1),

5

(i), and (k) and, if applicable, in accordance with [Section] 363(b)(2) of the Code." Fed. R. Bankr. P. 6004(a); Fed. R. Bankr. P. 2002(a)(2). Pursuant to Bankruptcy Rule 2002(c)(1), the notice of the proposed use, sale, or lease of property required under Bankruptcy Rule 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. Fed. R. Bankr. P. 2002(c)(1). In addition, the notice of a proposed use, sale, or lease of property is sufficient if it generally describes the property and certain sale terms. Id.

In the present matter, the Trustee will satisfy these notice requirements because all known creditors and parties-in-interest in the Debtors' bankruptcy cases will receive notice by way of Notice of Private Sale filed by the Trustee and generated by the Court. Additionally, the Trustee is serving the Office of the United States Trustee; any known tax lien holder; all tenants of the Properties; Notice of Appearance parties; and all other parties having expressed an interest in the Properties. The Trustee is moving the Sale of the Properties on shortened time as the Purchaser and Original Lender advised they would like to close before the end of this year. The sheriff sale was noticed and produced competitive bidding to yield the $900,000 winning bid. A copy of the foreclosure sale results is attached to the Politan Cert.; Exh. A.

### iii. The Property is Being Sold for Fair Value

Courts will only approve Section 363(b) sales if the trustee or debtor has obtained a fair and reasonable price for the assets being sold. In re Delaware & Hudson Railway Co., 124 B.R. 169, 176 (D. Del. 1991); In re Indus. Valley Refrigeration and Air Conditioning Supplies, Inc., 77 B.R. 15, 20 (Bankr. E.D. Pa. 1987).

Here, the total purchase price contemplated by the sale is $900,000.00 ("**Purchase Price**"). The Purchase Price represents a fair and reasonable price for the Properties because the Purchase Price is the result of an open auction and competitive bidding held at the Sheriff Sale for the

6

Properties.

At a minimum, because the sale of the Properties is the subject of marketing and higher and better bids before the sale hearing date pursuant to established bidding procedures, the Trustee is confident that the Properties' value will be maximized. Accordingly, the Properties are being sold for fair value.

### *iv. Purchaser is a "Good Faith" Purchaser*

Both the Trustee and Purchaser engaged in transparent negotiations and are acting in good faith. The offer of the Purchaser was presented to the Trustee through the Law Office of Michael D. Yablonsky, LLC. The Trustee and the Debtors do not have any relationship or connection with the Purchaser or any of its principals. As such, the protections of Bankruptcy Code Section 363(m) should apply to Purchaser.

Bankruptcy Code Section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this Section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

While the Bankruptcy Code does not define "good faith," the Third Circuit has construed the "good faith buyer" standard to mean one who purchases "in good faith" and for "value." In addition, Courts have indicated that a party must show fraud or collusion between a purchaser and the debtor or trustee in order to demonstrate a lack of good faith. See In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir. 1986).

Here, there has been no fraud or collusion between the Trustee and Purchaser. Any sale under an alternative transaction likewise will be the product of arms-length and good faith

7

negotiations, as it will be subject to higher and better offers.

Therefore, Purchaser, or any successful bidder, should be deemed a "good faith purchaser" pursuant to Bankruptcy Code Section 363(m).

**B. The Trustee Should Be Authorized to Sell the Properties Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to Section 363(f)**

Pursuant to 11 U.S.C. § 363(f), the trustee may sell property under § 363(b) free and clear of any interest in such property of an entity other than the estate if one of the following criteria is met:

> (1) applicable nonbankruptcy law permits the sale of such property free and clear of such interests;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity would be compelled in a legal or equitable proceeding to accept the money satisfaction of such interest.

See 11 U.S.C. § 363(f).

The language of § 363(f) is in the disjunctive, thus a sale free and clear of liens, claims, and interests can be approved if any one of the aforementioned criterion contained in § 363(f) is met. See 3 Collier on Bankruptcy, ¶ 363.06, p. 363-44 (15th ed. 1997). The proposed sale meets the requirements of subsections (f)(2), in that the entity with an interest in the Properties, more specifically, Colony, has consented to the sale of the Properties to the Purchaser.

Accordingly, it follows that sale of the Properties free and clear of all other liens, claims, interests, and encumbrances is appropriate under 11 U.S.C. § 363(f)(2).

**C. The Trustee's Retained Professionals are Entitled to a Carve-Out and Reservation of Their Rights Under Section 506 of the Bankruptcy Code**

Given the extraordinary efforts made by the Trustee and its retained counsel, Trustee requests a carve-out of $35,000 from the proceeds of the sale of the Properties ("**Carve-

8

Out"). The Carve-Out funds would be payable to the Trustee's professionals to cover their costs and fees associated with representing the Trustee in all aspects of the sale of these Properties, in addition to Trustee's administration of the underlying Chapter 11 cases. The secured creditor has agreed to the carve-out.

**Assumption and Assignment of Leases**

Bankruptcy Code Section 365(a) provides that, "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). However, if there has been a default in that executory contract or lease, then the trustee may not assume the contract or lease until the trustee (A) cures, or provides adequate assurance that it will promptly cure, the default prior to assumption; (B) "compensates, or provides adequate assurance that [it] will promptly compensate, a party . . . to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) "provides adequate assurance of future performance under such contract or lease." 11 U.S.C. § 365(b).

Section 365 "enables the trustee to maximize the value of the debtor's estate by assuming executory contracts that benefit the estate and rejecting those that do not." In re S.A. Holding Co., 357 B.R. 51, 56 (Bankr. D.N.J. 2006). Courts apply the business judgment test in determining whether to approve a trustee's motion to assume an executory contract or unexpired lease. Id. at 56. That lenient test requires the court to allow the debtor or trustee to assume a contract so long as the assumption benefits the estate. In re Central Jersey Airport Services, 282 B.R. 176, 183 (Bankr. D.N.J. 2002). "Once the debtor meets its burden, the non-debtor party bears the burden of proving that the debtor's decision derives from bad faith, whim, or caprice." Id.

"Upon assuming an executory contract, the trustee is likewise authorized to assign the executory contract." In re Fleming Companies, Inc., 499 F.3d 300, 304-05 (3d Cir. 2007). Pursuant to 11 U.S.C. § 365(f), "notwithstanding a provision in an executory contract or unexpired

9

lease of the debtor, or in an applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection." 11 U.S.C. § 365(f)(1).

Pursuant to 11 U.S.C. § 365(f)(2):

> The trustee may assign an executory contract or unexpired lease of the debtor only if –
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

In the instant case, the two (2) requirements of 11 U.S.C. § 365(f)(2) are satisfied. First, through this Motion, the Trustee is seeking to assume all tenant leases (collectively, the "**Leases**") for each of the respective Properties if such leases are valid whether written or oral   The Leases are being assigned as is.

Similarly, the Trustee is exercising its business judgment to reject any management agreements, oral or otherwise, if any, for the Properties.

Any other Leases or contracts relating to the Properties will be addressed in accordance with the Agreement. The Trustee will provide notice to the counterparty prior to the hearing on the within Motion for any other contract to be assumed or rejected.

**D. The Sheriff Must Turn Over the Deposit Because the Sheriff Is Not Entitled to a Commission.**

The Sheriff must turn over the Deposit to the Trustee to be credited toward the Purchase Price. <u>N.J.S.A</u>. 22A:4-8 provides that the sheriff is entitled to a commission when the sale is made by virtue of an execution. When the execution is settled without actual sale and such settlement is made manifest to the officer, the officer shall receive one-half of the amount of percentage

10

allowed herein case of sale. N.J.S.A. 22A:4-8. However, the sheriff is not entitled to a commission where the sheriff commenced a sheriff sale, but the subject property was ultimately sold under a bankruptcy proceeding. See In re Bejjani, 2003 Bankr. LEXIS 2150 (Bankr. D.N.J. 2003).

In this case, the Sheriff must turn over the Deposit to the Trustee because the Sheriff is not entitled to a commission on the potential sale pursuant to the Contract. The Purchaser paid the Deposit to the Sheriff at the Sheriff Sale. Subsequent to payment of the Deposit, however, Whairhouse RE filed its bankruptcy petition thereby commencing the automatic stay and extending the redemption period. More specifically, the Purchaser never satisfied the full Purchase Price. In other words, the sale of the Properties at the Sheriff Sale was not fully effectuated. Rather, the Properties are being sold under Whairhouse RE's bankruptcy proceeding. Thus, in accordance with Bejjani, the sale of the Properties contemplated by the terms and conditions of the Contract is not a sale made by virtue of an execution and is not a settlement made manifest to the officer. Furthermore, upon information and belief, there were notice requirement issues with the sheriff sale.

Accordingly, the Sheriff must turn over the Deposit to the Trustee.

## NOTICE OF SALE AND HIGHER AND BETTER OFFERS

A copy of the Motion and notice of the return date is being provided to the Office of the United States Trustee; Whairhouse RE; the Purchaser and its counsel; Notice of Appearance Parties; any tax sale certificate holders for the Properties, or either of them; any person or entity having previously expressed an interest in the Properties, or either of them; all known lien holders; all tenants leasing space at the Properties; sheriff of Passaic County, Legal Counsel of Passaic County and all contract counter-parties providing services to the Properties; and to all other parties in interest identified in the Certificate of Service. All creditors will have received notice of the sale by way of the Notice of Private Sale being generated by the Office of the Clerk of the

11

Bankruptcy Court.

Bidders will be subject to the same terms and conditions as the Purchaser as set forth in the Agreement of Sale (*Exhibit "B"* to Politan Cert.). The Trustee will accept all higher and better offers of the Properties in accordance with established bidding procedures. The next bid must be $950,000. Bids thereafter must be in increments of $10,000.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully request that this Court grant the Motion and grant such other and further relief requested herein and/or as this Court deems just and proper.

        **McMANIMON, SCOTLAND
        & BAUMANN, LLC**
        *Counsel to Mark Politan, Ch. 11 Trustee*


        By:    /s/ Sari B. Placona
              SARI B. PLACONA

Dated: December 7, 2023