UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**McManimon, Scotland & Baumann, LLC**
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Counsel for Mark Politan, Ch. 11 Trustee*

Order Filed on December 20, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

WHAIRHOUSE REAL ESTATE INVESTMENTS,
LLC,[1]

                                    Debtors.

Case No. 23-16723 (RG)
(Jointly Administered)

Chapter 11

Honorable Rosemary Gambardella, U.S.B.J.

### ORDER (I) COMPELLING CESAR PINA, JENNIFER ITURRALDE PINA AND RAASHAUN CASEY TO COMPLY WITH THE TRUSTEE'S RULE 2004 SUBPOENA, (II) COMPELLING WHAIRHOUSE LIMITED LIABILITY COMPANY TO PRODUCE INSURANCE; AND (III) FOR RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED**.

**DATED: December 20, 2023**

Honorable Rosemary Gambardella
United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 case, along with their case numbers are as follows: Whairhouse Real Estate Investments, LLC (Case No. 23-16723 (RG)), Taylor Court Apartments LLC (Case No. 23-16641 (RG)), and Whairhouse Limited Liability Company (Case No. 23-17272 (RG)).

(Page 2)
Debtor:       Whairhouse Real Estate Investments, LLC, et al. (Jointly Administered)
Case No.:     23-16723 (RG)
Caption:      Order Compelling Cesar Pina, Jennifer Iturralde Pina and Raashaun Casey to Comply with the
              Chapter 11 Trustee's Rule 2004 Subpoena

---

**THIS MATTER,** having been presented to the Court by Mark J. Politan, the Chapter 11 Trustee (the "**Trustee**") in the bankruptcy cases of Whairhouse Real Estate Investments, LLC, Taylor Court Apartments LLC and Whairhouse Limited Liability Company (collectively referred to as the "**Debtors**"), by and through his counsel, upon the filing of a motion to compel Cesar Pina, Jennifer Iturralde Pina and Raashaun Casey to comply with the Trustee's Rule 2004 Subpoenas and granting related relief (the "**Motion**"); and due and proper notice of the Motion having been given; and the Court having considered the papers in support of the Motion and opposition thereto, if any; and good cause having been shown, it is hereby:

**ORDERED AS FOLLOWS:**

1.        Cesar Pina, Jennifer Iturralde Pina and Raashaun Casey are compelled to produce copies of all documents requested on Schedules A, B, and C of the Subpoenas[2] on or before January 8, 2024.  True and correct copies of the Subpoenas are annexed as Exhibit A.

2.        Should Cesar Pina, Jennifer Iturralde Pina and/or Raashaun Casey fail to provide full and complete responses to the requests on Schedules A, B, and C as directed in decretal paragraph one above, the Trustee shall file a notice of default with the Court, at which time the Court may convene a hearing to address appropriate sanctions against Cesar Pina, Jennifer Iturralde Pina and Raashaun Casey for contempt of this Court's order, including, but not limited to an order for arrest to bring the parties to the United States Bankruptcy Court, District of New Jersey, 50 Walnut Street, Newark, New Jersey to appear for a Rule 2004 deposition.

---

[2] Capitalized terms, not otherwise defined herein, shall have the meaning as ascribed to them in the Motion.

(Page 3)
Debtor:        Whairhouse Real Estate Investments, LLC, et al. (Jointly Administered)
Case No.:      23-16723 (RG)
Caption:       Order Compelling Cesar Pina, Jennifer Iturralde Pina and Raashaun Casey to Comply with the
               Chapter 11 Trustee's Rule 2004 Subpoena

---

3.      Whairhouse Limited Liability Company ("Whairhouse LLC") is hereby compelled

to produce proof of insurance to the Trustee by close of business on December 22, 2023.

Whairhouse LLC is also hereby compelled to provide a list of any and all addresses of real

properties titled in its name and whether insurance is in place for each property by close of business

on December 22, 2023.

4.      The Trustee reserves the right to compel Cesar Pina, Jennifer Iturralde Pina and

Raashaun Casey into this Court to conduct Rule 2004 examinations, if necessary.

5.      The Trustee is granted an extension of time to file the Debtors' Schedules and

Statements through and including January 22, 2024, without prejudice to the Trustee's right to

seek a further extension of this time period by the filing of a motion on appropriate notice on or

before January 22, 2024.

# EXHIBIT A

MS&B  McMANIMON • SCOTLAND • BAUMANN                    75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial:  (973) 721-5030**
splacona@msbnj.com
93381-001

October 18, 2023

**Via Regular Mail and Certified Mail**

Cesar Pina
101 Jasmine Court
Franklin Lakes, New Jersey 07417

Re:    **Taylor Court Apartments, LLC**
       **Case No. 23-16641 (RG)**

       **Whairhouse Real Estate Investments, LLC**
       **Case No. 23-16723 (RG)**

       **Whairhouse Limited Liability Company**
       **Case No. 23-17272 (RG)**

Dear Mr. Pina:

This firm is counsel for Mark Politan, Chapter 11 Trustee in connection with the above-captioned matters.

Enclosed for service on each the Debtors, Taylor Court Apartments, LLC, Whairhouse Real Estate Investments, LLC and Whairhouse Limited Liability Company, please find Rule 2004 Subpoenas (the "Subpoenas").  Please be advised that the Subpoenas are returnable on November 3, 2023, by 5:00 p.m.

Please be guided accordingly.  If you have any questions or require any further information, please do not hesitate to contact me.  Thank you.

Very truly yours,

/s/ Sari B. Placona

Sari B. Placona

SBP/sll
Enclosures

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

**TAYLOR COURT APARTMENTS, LLC**

Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE PURSUANT TO FED. R. BANKR. P. 2004 AND D.N.J. LBR 2004-1**

To:    Cesar Pina
        101 Jasmine Court
        Franklin Lakes, New Jersey 07417

Case No.    23-16641 (RG)

Chapter    11

YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Sari B. Placona, Esq. | November 3, 2023,<br>by 5:00 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sari B. Placona | October 18, 2023 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Mark Politan, Chapter 11 Trustee
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main) | (973) 721-5030 (Direct) | splacona@msbnj.com

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

| | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception  or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was, but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

4864-6642-1384, v. 1

## **DEFINITIONS**

A.      "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.      "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.      "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

4

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

D.      "Each" includes the word "every" and "every" includes the word "each."  "Any" includes the word "all" and "all" includes the word "any."  "And" includes the word "or" and "or" includes the word "and."

E.      "Identify" means when used in reference to:

i.      A natural person -- his or her full name and present or last known address.

ii.      A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.      A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the

5

contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

      iv.      An oral statement or communication:

      (i)      The date and the place where uttered.

      (ii)      The place where received.

      (iii)      The substance thereof.

      (iv)      The means or medium employed for transmission thereof.

      (v)      The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

      (vi)      Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

F.      "Investors" means any person, entity, member, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf that invested money with Taylor Court.

G.      "Person" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, or otherwise business or legal entity in whatever form.

H.      "Property" means the following real property located at 555-563 Main Street, Paterson, New Jersey.

I.      The words "Refer" or "Relating to" mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing,

6

identifying or referring or related in any way to the stated subject matter.

J.        "Taylor Court" means Taylor Court Apartments, LLC, and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

K.        "Taylor Court Bankruptcy Case" means the pending Chapter 11 proceeding of Taylor Court at Case No. 23-16641 (RG) in the United States Bankruptcy Court for the District of New Jersey.

L.        "You" or "Your" means the party or parties upon whom this discovery request is directed, as defined above.

## SCHEDULE "A"

1.      Any and all Documents relating to Taylor Court.

2.      Any and all Documents relating to the Taylor Court Bankruptcy Case

3.      A list of any and all assets owned by Taylor Court.

4.      Copies of all federal and state tax returns of Taylor Court from 2018 – 2021.

5.      Copies of any and all bank statements of Taylor Court for the period January 1, 2019 through September 30, 2023.

6.      Accounting of all payments, monies or funds received by or for the benefit of Taylor Court respecting the Property.

7.      Detailed payoff respecting any loan(s) for the Property through October 15, 2023.

8.      A list of any and all Investors and/or creditors relating to Taylor Court.

9.      Any and all Documents that refer to the debt of Taylor Court.

10.     Any and all Documents that refer to any pending lawsuits against Taylor Court.

11.     Any and all Communications between any lender and Taylor Court for the Properties from 2019 to the present, including all Communications through counsel.

12.     Copies of any appraisal reports obtained for the Property from 2019 to the present.

13.     All Documents evidencing ownership of the Property, including any predecessors, of the Note and related loan documents for the Property.

14.     Any and all Documents evidencing the Members, and any officers or directors of Taylor Court.

15.     Any and all Documents and Communications with Taylor Court respecting efforts to refinance the Property from 2019 to the present.

16.     Any Communications with any potential purchaser of the Property from 2019 to the present.

17.     Any financials relating to Taylor Court which were drafted, constructed, reconstructed or otherwise prepared by and lender or financial accountant.

8

18.     Any and all other Documents and Communications which in any way relate to the Property from 2019 to the present.

19.     Any and all documents with any lender regarding the Property, including, but not limited to any financial statements provided to any lender to obtain a loan.

20.     Copy of Quickbooks or other accounting software with passwords and names of outside accounting firms used by Taylor Court.

21.     Copies of any and all corporate formation and organization documents of Taylor Court.

22.     Lists of Taylor Court accounts payable and contact information.

23.     Lists of Taylor Court accounts receivable and contact information

24.     Evidence of insurance for the Properties.

25.     Evidence of payment of real estate taxes or tax sale notices/certificates for the Property.

26.     List of Taylor Court open/closed bank accounts within last four years.

27.     List of members or outside professionals in possession of corporate books and records of Taylor Court.

28.     Copies of deeds, mortgage documents, and/or discharges of liens for all real properties owned by Taylor Court during the last four years.

9

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

WHAIRHOUSE REAL ESTATE INVESTMENTS,
LLC,

                        Debtor.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE PURSUANT
TO FED. R. BANKR. P. 2004 AND D.N.J.
LBR 2004-1**

To:  Cesar Pina
     101 Jasmine Court
     Franklin Lakes, New Jersey 07417

Case No.    23-16723 (RG)

Chapter    11

     YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Sari B. Placona, Esq. | November 3, 2023,<br>by 5:00 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sari B. Placona | October 18, 2023 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Mark Politan, Chapter 11 Trustee
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main) | (973) 721-5030 (Direct) | splacona@msbnj.com

    *If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| **SERVED** | | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception  or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## **UNAVAILABILITY OF DOCUMENTS**

To the extent a document is sought herein and such document was, but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## **PRIVILEGE**

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

3

## **DEFINITIONS**

A.     "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.     "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.     "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures,

4

appendices and supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

D.      "Each" includes the word "every" and "every" includes the word "each."  "Any" includes the word "all" and "all" includes the word "any."  "And" includes the word "or" and "or" includes the word "and."

E.      "Identify" means when used in reference to:

    i.      A natural person -- his or her full name and present or last known address.

    ii.      A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

5

4894-0590-7592, v. 1

iii.        A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.        An oral statement or communication:

(i)        The date and the place where uttered.

(ii)        The place where received.

(iii)        The substance thereof.

(iv)        The means or medium employed for transmission thereof.

(v)        The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)        Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

F.        "Investors" means any person, entity, member, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf that invested money with Whairhouse RE.

G.        "Person" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, or otherwise business or legal entity in whatever form.

6

H.      "Properties" means the following:

- 80 Madison Street, Paterson, New Jersey

- 82 Madison Street, Paterson, New Jersey

- 14 Guenther, Paterson, New Jersey

I.      The words "Refer" or "Relating to" mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying or referring or related in any way to the stated subject matter.

J.      "Three Properties" means the real property you reference in handwriting as "3 properties in one LLC" in the filed Bankruptcy Petition on August 4, 2023.

K.      "Whairhouse RE" means Whairhouse Real Estate Investments, LLC, and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

L.      "Whairhouse RE Bankruptcy Case" means the pending Chapter 11 proceeding of Whairhouse RE at Case No. 23-16723 (RG) in the United States Bankruptcy Court for the District of New Jersey.

M.      "You" or "Your" means the party or parties upon whom this discovery request is directed, as defined above.

4894-0590-7592, v. 1

# SCHEDULE "A"

1.      Any and all Documents relating to Whairhouse RE.

2.      Any and all Documents relating to the Whairhouse RE Bankruptcy Case

3.      A list of any and all assets owned by Whairhouse RE.

4.      Copies of all federal and state tax returns of Whairhouse RE from 2018 – 2021.

5.      Copies of any and all bank statements of Whairhouse RE for the period January 1, 2019 through September 30, 2023.

6.      Accounting of all payments, monies or funds received by or for the benefit of Whairhouse RE respecting the Three Properties.

7.      Accounting of all payments, monies or funds received by or for the benefit of Whairhouse RE respecting the Properties.

8.      Detailed payoff respecting any loan(s) for the Three Properties through October 15, 2023.

9.      Detailed payoff respecting any loan(s) for the Properties through October 15, 2023.

10.     A list of any and all Investors and/or creditors relating to Whairhouse RE.

11.     Any and all Documents that refer to the debt of Whairhouse RE.

12.     Any and all Documents that refer to any pending lawsuits against Whairhouse RE.

13.     Any and all Communications between any lender and Whairhouse RE for the Properties from 2019 to the present, including all Communications through counsel.

14.     Copies of any appraisal reports obtained for the Properties from 2019 to the present.

15.     All Documents evidencing ownership of the Properties, including any predecessors, of the Note and related loan documents for the Properties.

16.     Any and all Documents evidencing the Members, and any officers or directors of Whairhouse RE.

17.     Any and all Documents and Communications with Whairhouse RE respecting efforts to refinance the Properties from 2019 to the present.

8

18.    Any Communications with any potential purchaser of the Properties from 2019 to the present.

19.    Any financials relating to Whairhouse RE which were drafted, constructed, reconstructed or otherwise prepared by and lender or financial accountant.

20.    Any and all other Documents and Communications which in any way relate to the Properties from 2019 to the present.

21.    Any and all documents with any lender regarding the Properties, including, but not limited to any financial statements provided to any lender to obtain a loan.

22.    Copy of Quickbooks or other accounting software with passwords and names of outside accounting firms used by Whairhouse RE.

23.    Copies of any and all corporate formation and organization documents of Whairhouse RE.

24.    Lists of Whairhouse RE accounts payable and contact information.

25.    Lists of Whairhouse RE accounts receivable and contact information

26.    Evidence of insurance for the Properties.

27.    Evidence of payment of real estate taxes or tax sale notices/certificates for the Properties.

28.    List of Whairhouse RE open/closed bank accounts within last four years.

29.    List of members or outside professionals in possession of corporate books and records of Whairhouse RE.

30.    Copies of deeds, mortgage documents, and/or discharges of liens for all real properties owned by Whairhouse RE during the last four years.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

**WHAIRHOUSE LIMITED LIABILITY COMPANY**

Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE PURSUANT TO FED. R. BANKR. P. 2004 AND D.N.J. LBR 2004-1**

To:   Cesar Pina
      101 Jasmine Court
      Franklin Lakes, New Jersey 07417

Case No.   23-17272 (RG)

Chapter   11

     YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Sari B. Placona, Esq. | November 3, 2023,<br>by 5:00 p.m. |
| ISSUING OFFICER SIGNATURE AND TITLE<br>/s/ Sari B. Placona | DATE<br>October 18, 2023 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Mark Politan, Chapter 11 Trustee
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main) | (973) 721-5030 (Direct) | splacona@msbnj.com

    *If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

|  | DATE | PLACE |  |
|---|---|---|---|
| **SERVED** | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws  of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception  or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was, but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

4859-1500-1480, v. 1

## **DEFINITIONS**

A.      "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.      "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.      "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

4

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

D.      "Each" includes the word "every" and "every" includes the word "each."  "Any" includes the word "all" and "all" includes the word "any."  "And" includes the word "or" and "or" includes the word "and."

E.      "Identify" means when used in reference to:

i.      A natural person -- his or her full name and present or last known address.

ii.      A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.      A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the

contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

> iv.    An oral statement or communication:

> > (i)    The date and the place where uttered.

> > (ii)    The place where received.

> > (iii)    The substance thereof.

> > (iv)    The means or medium employed for transmission thereof.

> > (v)    The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

> > (vi)    Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

F.    "Investors" means any person, entity, member, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf that invested money with Whairhouse LLC.

G.    "Person" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, or otherwise business or legal entity in whatever form.

H.    "Properties" means the following:

- 149 Franklin Avenue, Hawthorne, New Jersey

- 523 Park Avenue, Paterson, New Jersey

- 89 Franklin Avenue, Hawthorne, New Jersey

6

- 523 Park Avenue, Paterson, New Jersey

- 90 Madison Street, Paterson, New Jersey

- 424-464 East 24th Street, Paterson, New Jersey

- 523 Park Avenue, Paterson, New Jersey

- 149 Franklin Avenue, Hawthorne, New Jersey

I.     The words "Refer" or "Relating to" mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying or referring or related in any way to the stated subject matter.

J.     "Whairhouse LLC" means Whairhouse Limited Liability Company, and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

K.     "Whairhouse LLC Bankruptcy Case" means the pending Chapter 11 proceeding of Whairhouse LLC at Case No. 23-17272 (RG) in the United States Bankruptcy Court for the District of New Jersey.

L.     "You" or "Your" means the party or parties upon whom this discovery request is directed, as defined above.

7

## SCHEDULE "A"

1.      Any and all Documents relating to Whairhouse LLC.

2.      Any and all Documents relating to the Whairhouse LLC Bankruptcy Case

3.      A list of any and all assets owned by Whairhouse LLC.

4.      Copies of all federal and state tax returns of Whairhouse LLC from 2018 – 2021.

5.      Copies of any and all bank statements of Whairhouse LLC for the period January 1, 2019 through September 30, 2023.

6.      Accounting of all payments, monies or funds received by or for the benefit of Whairhouse LLC respecting the Properties.

7.      Detailed payoff respecting any loan(s) for the Properties through October 15, 2023.

8.      A list of any and all Investors and/or creditors relating to Whairhouse LLC.

9.      Any and all Documents that refer to the debt of Whairhouse LLC.

10.     Any and all Documents that refer to any pending lawsuits against Whairhouse LLC.

11.     Any and all Communications between any lender and Whairhouse LLC for the Properties from 2019 to the present, including all Communications through counsel.

12.     Copies of any appraisal reports obtained for the Properties from 2019 to the present.

13.     All Documents evidencing ownership of the Properties, including any predecessors, of the Note and related loan documents for the Properties.

14.     Any and all Documents evidencing the Members, and any officers or directors of Whairhouse LLC.

15.     Any and all Documents and Communications with Whairhouse LLC respecting efforts to refinance the Properties from 2019 to the present.

16.     Any Communications with any potential purchaser of the Properties from 2019 to the present.

17.     Any financials relating to Whairhouse LLC which were drafted, constructed, reconstructed or otherwise prepared by and lender or financial accountant.

8

18.    Any and all other Documents and Communications which in any way relate to the Properties from 2019 to the present.

19.    Any and all documents with any lender regarding the Properties, including, but not limited to any financial statements provided to any lender to obtain a loan.

20.    Copy of Quickbooks or other accounting software with passwords and names of outside accounting firms used by Whairhouse LLC.

21.    Copies of any and all corporate formation and organization documents of Whairhouse LLC.

22.    Lists of Whairhouse LLC accounts payable and contact information.

23.    Lists of Whairhouse LLC accounts receivable and contact information

24.    Evidence of insurance for the Properties.

25.    Evidence of payment of real estate taxes or tax sale notices/certificates for the Properties.

26.    List of Whairhouse LLC open/closed bank accounts within last four years.

27.    List of members or outside professionals in possession of corporate books and records of Whairhouse LLC.

28.    Copies of deeds, mortgage documents, and/or discharges of liens for all real properties owned by Whairhouse LLC during the last four years.

4859-1500-1480, v. 1

**MS&B** McMANIMON • SCOTLAND • BAUMANN                    75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
splacona@msbnj.com
93381-001

October 18, 2023

**Via Regular Mail and Certified Mail**

Jennifer Iturralde Pina
101 Jasmine Court
Franklin Lakes, New Jersey 07417

    Re: **Taylor Court Apartments, LLC**
      **Case No. 23-16641 (RG)**

      **Whairhouse Real Estate Investments, LLC**
      **Case No. 23-16723 (RG)**

      **Whairhouse Limited Liability Company**
      **Case No. 23-17272 (RG)**

Dear Ms. Pina:

   This firm is counsel for Mark Politan, Chapter 11 Trustee in connection with the above-captioned matters.

   Enclosed for service on each the Debtors, Taylor Court Apartments, LLC, Whairhouse Real Estate Investments, LLC and Whairhouse Limited Liability Company, please find Rule 2004 Subpoenas (the "Subpoenas"). Please be advised that the Subpoenas are returnable on November 3, 2023, by 5:00 p.m.

   Please be guided accordingly. If you have any questions or require any further information, please do not hesitate to contact me. Thank you.

      Very truly yours,

      */s/ Sari B. Placona*

      Sari B. Placona

SBP/sll
Enclosures

McManimon, Scotland & Baumann, LLC
Newark - Roseland – Trenton – New York

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

TAYLOR COURT APARTMENTS, LLC

Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE PURSUANT TO FED. R. BANKR. P. 2004 AND D.N.J. LBR 2004-1**

To:   Jennifer Iturralde Pina
      101 Jasmine Court
      Franklin Lakes, New Jersey 07417

Case No.    23-16641 (RG)

Chapter    11

        YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC 75 Livingston Avenue, Suite 201 Roseland, New Jersey 07068 Attn: Sari B. Placona, Esq. | November 3, 2023, by 5:00 p.m. |
| ISSUING OFFICER SIGNATURE AND TITLE /s/ Sari B. Placona | DATE October 18, 2023 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Mark Politan, Chapter 11 Trustee
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main) | (973) 721-5030 (Direct) | splacona@msbnj.com

        *If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| **SERVED** | | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception  or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

**UNAVAILABILITY OF DOCUMENTS**

To the extent a document is sought herein and such document was, but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

**PRIVILEGE**

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

4865-3981-8888, v. 1

### **DEFINITIONS**

A.    "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.    "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.    "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

4

supporting documentation, and including, without limitation, originals, copies (with or without notes

or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the

Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a)

own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to

use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or

implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a

practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit

to do so.

D.      "Each" includes the word "every" and "every" includes the word "each."  "Any"

includes the word "all" and "all" includes the word "any."  "And" includes the word "or" and "or"

includes the word "and."

E.      "Identify" means when used in reference to:

     i.      A natural person -- his or her full name and present or last known address.

     ii.      A company, corporation, association, joint venture, sole proprietorship,

form, partnership, or any other business or legal entity not a natural person -- its full name

now and at the time in question, its principal place of business now and at the time in

questions, date of incorporation or jurisdictional status, description or type of entity now

and at the time in question, date and place of formation, current jurisdictional status, and

nature of business activities in which it is engaged or was engaged at the time in question.

     iii.      A document -- its character (e.g., letter, memoranda, report, etc.), its title,

date, author, addresses, all distributes, the number of pages, its subject matter, and

identification of each person you have reason to believe may have knowledge of the

5

contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

  iv.   An oral statement or communication:

    (i)   The date and the place where uttered.

    (ii)   The place where received.

    (iii)  The substance thereof.

    (iv)  The means or medium employed for transmission thereof.

    (v)   The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

    (vi)  Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

  F.   "Investors" means any person, entity, member, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf that invested money with Taylor Court.

  G.   "Person" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, or otherwise business or legal entity in whatever form.

  H.   "Property" means the following real property located at 555-563 Main Street, Paterson, New Jersey.

  I.   The words "Refer" or "Relating to" mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing,

6

identifying or referring or related in any way to the stated subject matter.

      J.      "Taylor Court" means Taylor Court Apartments, LLC, and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

      K.      "Taylor Court Bankruptcy Case" means the pending Chapter 11 proceeding of Taylor Court at Case No. 23-16641 (RG) in the United States Bankruptcy Court for the District of New Jersey.

      L.      "You" or "Your" means the party or parties upon whom this discovery request is directed, as defined above.

# SCHEDULE "A"

1.      Any and all Documents relating to Taylor Court.

2.      Any and all Documents relating to the Taylor Court Bankruptcy Case

3.      A list of any and all assets owned by Taylor Court.

4.      Copies of all federal and state tax returns of Taylor Court from 2018 – 2021.

5.      Copies of any and all bank statements of Taylor Court for the period January 1, 2019 through September 30, 2023.

6.      Accounting of all payments, monies or funds received by or for the benefit of Taylor Court respecting the Property.

7.      Detailed payoff respecting any loan(s) for the Property through October 15, 2023.

8.      A list of any and all Investors and/or creditors relating to Taylor Court.

9.      Any and all Documents that refer to the debt of Taylor Court.

10.     Any and all Documents that refer to any pending lawsuits against Taylor Court.

11.     Any and all Communications between any lender and Taylor Court for the Properties from 2019 to the present, including all Communications through counsel.

12.     Copies of any appraisal reports obtained for the Property from 2019 to the present.

13.     All Documents evidencing ownership of the Property, including any predecessors, of the Note and related loan documents for the Property.

14.     Any and all Documents evidencing the Members, and any officers or directors of Taylor Court.

15.     Any and all Documents and Communications with Taylor Court respecting efforts to refinance the Property from 2019 to the present.

16.     Any Communications with any potential purchaser of the Property from 2019 to the present.

17.     Any financials relating to Taylor Court which were drafted, constructed, reconstructed or otherwise prepared by and lender or financial accountant.

8

18.    Any and all other Documents and Communications which in any way relate to the Property from 2019 to the present.

19.    Any and all documents with any lender regarding the Property, including, but not limited to any financial statements provided to any lender to obtain a loan.

20.    Copy of Quickbooks or other accounting software with passwords and names of outside accounting firms used by Taylor Court.

21.    Copies of any and all corporate formation and organization documents of Taylor Court.

22.    Lists of Taylor Court accounts payable and contact information.

23.    Lists of Taylor Court accounts receivable and contact information

24.    Evidence of insurance for the Properties.

25.    Evidence of payment of real estate taxes or tax sale notices/certificates for the Property.

26.    List of Taylor Court open/closed bank accounts within last four years.

27.    List of members or outside professionals in possession of corporate books and records of Taylor Court.

28.    Copies of deeds, mortgage documents, and/or discharges of liens for all real properties owned by Taylor Court during the last four years.

9

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

WHAIRHOUSE REAL ESTATE INVESTMENTS,
LLC,

                    Debtor.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE PURSUANT
TO FED. R. BANKR. P. 2004 AND D.N.J.
LBR 2004-1**

To:  Jennifer Iturralde Pina
      101 Jasmine Court
      Franklin Lakes, New Jersey 07417

Case No.   23-16723 (RG)

Chapter   11

     YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Sari B. Placona, Esq. | November 3, 2023,<br>by 5:00 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sari B. Placona | October 18, 2023 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Mark Politan, Chapter 11 Trustee
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main) | (973) 721-5030 (Direct) | splacona@msbnj.com

    *If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| **SERVED** | | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception  or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

4862-8585-4600, v. 1

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was, but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

4862-8585-4600, v. 1

## **DEFINITIONS**

A.    "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.    "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.    "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures,

4

appendices and supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

D.      "Each" includes the word "every" and "every" includes the word "each."  "Any" includes the word "all" and "all" includes the word "any."  "And" includes the word "or" and "or" includes the word "and."

E.      "Identify" means when used in reference to:

    i.      A natural person -- his or her full name and present or last known address.

    ii.     A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.    A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.    An oral statement or communication:

(i)    The date and the place where uttered.

(ii)    The place where received.

(iii)    The substance thereof.

(iv)    The means or medium employed for transmission thereof.

(v)    The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)    Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

F.    "Investors" means any person, entity, member, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf that invested money with Whairhouse RE.

G.    "Person" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, or otherwise business or legal entity in whatever form.

6

H.      "Properties" means the following:

- 80 Madison Street, Paterson, New Jersey

- 82 Madison Street, Paterson, New Jersey

- 14 Guenther, Paterson, New Jersey

I.      The words "Refer" or "Relating to" mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying or referring or related in any way to the stated subject matter.

J.      "Three Properties" means the real property you reference in handwriting as "3 properties in one LLC" in the filed Bankruptcy Petition on August 4, 2023.

K.      "Whairhouse RE" means Whairhouse Real Estate Investments, LLC, and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

L.      "Whairhouse RE Bankruptcy Case" means the pending Chapter 11 proceeding of Whairhouse RE at Case No. 23-16723 (RG) in the United States Bankruptcy Court for the District of New Jersey.

M.      "You" or "Your" means the party or parties upon whom this discovery request is directed, as defined above.

4862-8585-4600, v. 1

## <u>SCHEDULE "A"</u>

1.      Any and all Documents relating to Whairhouse RE.

2.      Any and all Documents relating to the Whairhouse RE Bankruptcy Case

3.      A list of any and all assets owned by Whairhouse RE.

4.      Copies of all federal and state tax returns of Whairhouse RE from 2018 – 2021.

5.      Copies of any and all bank statements of Whairhouse RE for the period January 1, 2019 through September 30, 2023.

6.      Accounting of all payments, monies or funds received by or for the benefit of Whairhouse RE respecting the Three Properties.

7.      Accounting of all payments, monies or funds received by or for the benefit of Whairhouse RE respecting the Properties.

8.      Detailed payoff respecting any loan(s) for the Three Properties through October 15, 2023.

9.      Detailed payoff respecting any loan(s) for the Properties through October 15, 2023.

10.      A list of any and all Investors and/or creditors relating to Whairhouse RE.

11.      Any and all Documents that refer to the debt of Whairhouse RE.

12.      Any and all Documents that refer to any pending lawsuits against Whairhouse RE.

13.      Any and all Communications between any lender and Whairhouse RE for the Properties from 2019 to the present, including all Communications through counsel.

14.      Copies of any appraisal reports obtained for the Properties from 2019 to the present.

15.      All Documents evidencing ownership of the Properties, including any predecessors, of the Note and related loan documents for the Properties.

16.      Any and all Documents evidencing the Members, and any officers or directors of Whairhouse RE.

17.      Any and all Documents and Communications with Whairhouse RE respecting efforts to refinance the Properties from 2019 to the present.

8

18. Any Communications with any potential purchaser of the Properties from 2019 to the present.

19. Any financials relating to Whairhouse RE which were drafted, constructed, reconstructed or otherwise prepared by and lender or financial accountant.

20. Any and all other Documents and Communications which in any way relate to the Properties from 2019 to the present.

21. Any and all documents with any lender regarding the Properties, including, but not limited to any financial statements provided to any lender to obtain a loan.

22. Copy of Quickbooks or other accounting software with passwords and names of outside accounting firms used by Whairhouse RE.

23. Copies of any and all corporate formation and organization documents of Whairhouse RE.

24. Lists of Whairhouse RE accounts payable and contact information.

25. Lists of Whairhouse RE accounts receivable and contact information

26. Evidence of insurance for the Properties.

27. Evidence of payment of real estate taxes or tax sale notices/certificates for the Properties.

28. List of Whairhouse RE open/closed bank accounts within last four years.

29. List of members or outside professionals in possession of corporate books and records of Whairhouse RE.

30. Copies of deeds, mortgage documents, and/or discharges of liens for all real properties owned by Whairhouse RE during the last four years.

9

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

WHAIRHOUSE LIMITED LIABILITY COMPANY

Debtor.

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE PURSUANT TO FED. R. BANKR. P. 2004 AND D.N.J. LBR 2004-1**

To:  Jennifer Iturralde Pina
101 Jasmine Court
Franklin Lakes, New Jersey 07417

Case No.    23-17272 (RG)

Chapter    11

YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Sari B. Placona, Esq. | November 3, 2023,<br>by 5:00 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sari B. Placona | October 18, 2023 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Mark Politan, Chapter 11 Trustee
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main) | (973) 721-5030 (Direct) | splacona@msbnj.com

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| **SERVED** | | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception  or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was, but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

## **DEFINITIONS**

A.      "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.      "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.      "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

D.     "Each" includes the word "every" and "every" includes the word "each."  "Any" includes the word "all" and "all" includes the word "any."  "And" includes the word "or" and "or" includes the word "and."

E.     "Identify" means when used in reference to:

i.      A natural person -- his or her full name and present or last known address.

ii.     A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.    A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the

5

contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

  iv.  An oral statement or communication:

    (i)  The date and the place where uttered.

    (ii)  The place where received.

    (iii)  The substance thereof.

    (iv)  The means or medium employed for transmission thereof.

    (v)  The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

    (vi)  Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

  F.  "Investors" means any person, entity, member, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf that invested money with Whairhouse LLC.

  G.  "Person" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, or otherwise business or legal entity in whatever form.

  H.  "Properties" means the following:

- 149 Franklin Avenue, Hawthorne, New Jersey

- 523 Park Avenue, Paterson, New Jersey

- 89 Franklin Avenue, Hawthorne, New Jersey

6

- 523 Park Avenue, Paterson, New Jersey

- 90 Madison Street, Paterson, New Jersey

- 424-464 East 24th Street, Paterson, New Jersey

- 523 Park Avenue, Paterson, New Jersey

- 149 Franklin Avenue, Hawthorne, New Jersey

I.      The words "Refer" or "Relating to" mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying or referring or related in any way to the stated subject matter.

J.      "Whairhouse LLC" means Whairhouse Limited Liability Company, and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

K.      "Whairhouse LLC Bankruptcy Case" means the pending Chapter 11 proceeding of Whairhouse LLC at Case No. 23-17272 (RG) in the United States Bankruptcy Court for the District of New Jersey.

L.      "You" or "Your" means the party or parties upon whom this discovery request is directed, as defined above.

4885-2890-1000, v. 1

## SCHEDULE "A"

1.      Any and all Documents relating to Whairhouse LLC.

2.      Any and all Documents relating to the Whairhouse LLC Bankruptcy Case

3.      A list of any and all assets owned by Whairhouse LLC.

4.      Copies of all federal and state tax returns of Whairhouse LLC from 2018 – 2021.

5.      Copies of any and all bank statements of Whairhouse LLC for the period January 1, 2019 through September 30, 2023.

6.      Accounting of all payments, monies or funds received by or for the benefit of Whairhouse LLC respecting the Properties.

7.      Detailed payoff respecting any loan(s) for the Properties through October 15, 2023.

8.      A list of any and all Investors and/or creditors relating to Whairhouse LLC.

9.      Any and all Documents that refer to the debt of Whairhouse LLC.

10.     Any and all Documents that refer to any pending lawsuits against Whairhouse LLC.

11.     Any and all Communications between any lender and Whairhouse LLC for the Properties from 2019 to the present, including all Communications through counsel.

12.     Copies of any appraisal reports obtained for the Properties from 2019 to the present.

13.     All Documents evidencing ownership of the Properties, including any predecessors, of the Note and related loan documents for the Properties.

14.     Any and all Documents evidencing the Members, and any officers or directors of Whairhouse LLC.

15.     Any and all Documents and Communications with Whairhouse LLC respecting efforts to refinance the Properties from 2019 to the present.

16.     Any Communications with any potential purchaser of the Properties from 2019 to the present.

17.     Any financials relating to Whairhouse LLC which were drafted, constructed, reconstructed or otherwise prepared by and lender or financial accountant.

4885-2890-1000, v. 1

18.    Any and all other Documents and Communications which in any way relate to the Properties from 2019 to the present.

19.    Any and all documents with any lender regarding the Properties, including, but not limited to any financial statements provided to any lender to obtain a loan.

20.    Copy of Quickbooks or other accounting software with passwords and names of outside accounting firms used by Whairhouse LLC.

21.    Copies of any and all corporate formation and organization documents of Whairhouse LLC.

22.    Lists of Whairhouse LLC accounts payable and contact information.

23.    Lists of Whairhouse LLC accounts receivable and contact information

24.    Evidence of insurance for the Properties.

25.    Evidence of payment of real estate taxes or tax sale notices/certificates for the Properties.

26.    List of Whairhouse LLC open/closed bank accounts within last four years.

27.    List of members or outside professionals in possession of corporate books and records of Whairhouse LLC.

28.    Copies of deeds, mortgage documents, and/or discharges of liens for all real properties owned by Whairhouse LLC during the last four years.

4885-2890-1000, v. 1

**MS&B**  McMANIMON · SCOTLAND · BAUMANN          75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial:  (973) 721-5030**
splacona@msbnj.com
93381-001

November 9, 2023

**Via Regular Mail and Certified Mail**

Raashaun Casey
119 E. Saddle River Road
Saddle River, NJ 07458

      **Re:** **Taylor Court Apartments, LLC**
         **Case No. 23-16641 (RG)**

         **Whairhouse Real Estate Investments, LLC**
         **Case No. 23-16723 (RG)**

         **Whairhouse Limited Liability Company**
         **Case No. 23-17272 (RG)**

Dear Mr. Casey:

   This firm is counsel for Mark Politan, Chapter 11 Trustee in connection with the above-captioned matters.

   Enclosed for service upon you, please find a Subpoena in a Case Under the Bankruptcy Code Pursuant to Fed. R. Bankr. P. 2004 and D.N.J. LBR 2004-1 (the "Subpoena").  Please be advised that the Subpoena is returnable on November 28, 2023, by 5:00 p.m.

   Please be guided accordingly.  If you have any questions or require any further information, please do not hesitate to contact me.  Thank you.

        Very truly yours,

        */s/ Sari B. Placona*

        Sari B. Placona

SBP/sll
Enclosures

McManimon, Scotland & Baumann, LLC
Newark - Roseland – Trenton – New York

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

WHAIRHOUSE REAL ESTATE INVESTMENTS, LLC
WHAIRHOUSE LIMITED LIABILITY COMPANY
TAYLOR COURT APARTMENTS, LLC

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE PURSUANT
TO FED. R. BANKR. P. 2004 AND D.N.J.
LBR 2004-1**

Debtors.

| | |
|---|---|
| To:  Raashaun Casey<br>119 E. Saddle River Road<br>Saddle River, NJ 07458 | Case No.   23-16723 (RG)<br>23-17272 (RG) Involuntary<br>23-16641 (RG) |
| | Chapter   11 |

        YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

*See* attached Schedule A., Schedule B., and Schedule C.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Sari B. Placona, Esq. | November 28, 2023,<br>by 5:00 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sari B. Placona | November 9, 2023 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Mark Politan, Chapter 11 Trustee
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main) | (973) 721-5030 (Direct) | splacona@msbnj.com

        *If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.
Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| **SERVED** | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws  of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception  or waiver applies, or

(iv)    subjects a person to undue burden.

(B)     If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was, but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

4891-1258-4846, v. 1

## **DEFINITIONS**

A.    "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.    "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.    "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

4

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

D.  "Each" includes the word "every" and "every" includes the word "each."  "Any" includes the word "all" and "all" includes the word "any."  "And" includes the word "or" and "or" includes the word "and."

E. "Debtors" shall mean Whairhouse Real Estate Investments, LLC, Whairhouse Limited Liability Company, and Taylor Court Apartments.

F.      "Identify" means when used in reference to:

   i.      A natural person -- his or her full name and present or last known address.

   ii.      A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

5

iii.	A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.	An oral statement or communication:

(i)	The date and the place where uttered.

(ii)	The place where received.

(iii)	The substance thereof.

(iv)	The means or medium employed for transmission thereof.

(v)	The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)	Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

G.	"Investors" means any person, entity, member, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf that invested money with the Debtors.

H.	"Person" means any natural person, sole proprietorship, corporation, company, association, joint venture, firm, partnership, or otherwise business or legal entity in whatever form.

4891-1258-4846, v. 1

I.   The words "Refer" or "Relating to" mean directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying or referring or related in any way to the stated subject matter.

J.    "Whairhouse RE" means Whairhouse Real Estate Investments, LLC, and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

K.    "Whairhouse RE Bankruptcy Case" means the pending Chapter 11 proceeding of Whairhouse RE at Case No. 23-16723 (RG) in the United States Bankruptcy Court for the District of New Jersey.

L.    "Whairhouse LLC" means Whairhouse Limited Liability Company, and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

M.    "Whairhouse LLC Bankruptcy Case" means the pending Chapter 11 proceeding of Whairhouse LLC at Case No. 23-17272 (RG) in the United States Bankruptcy Court for the District of New Jersey.

N.    "Taylor Court" means Taylor Court Apartments, LLC, and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

O.    "Taylor Court Bankruptcy Case" means the pending Chapter 11 proceeding of Taylor Court at Case No. 23-16641 (RG) in the United States Bankruptcy Court for the District of New Jersey.

P.    "You" or "Your" means the party or parties upon whom this discovery request is directed, as defined above.

7

## SCHEDULE "A"

1.      Any and all Documents relating to Whairhouse RE.

2.      Any and all Documents relating to the Whairhouse RE Bankruptcy Case

3.      A list of any and all assets owned by Whairhouse RE.

4.      Copies of all federal and state tax returns of Whairhouse RE from 2018 – 2021.

5.      Copies of any and all bank statements of Whairhouse RE for the period January 1, 2019 through September 30, 2023.

6.      Accounting of all payments, monies or funds received by or for the benefit of Whairhouse RE respecting any properties owned by Whairhouse RE.

7.      Accounting of all payments, monies or funds received by or for the benefit of Whairhouse RE respecting the any properties owned by Whairhouse RE

8.      Detailed payoff respecting any loan(s) for any properties owned by any of the Debtors through October 15, 2023.

9.      Detailed payoff respecting any loan(s) for any property owned by any of the Debtors through October 15, 2023.

10.      A list of any and all Investors and/or creditors relating to Whairhouse RE.

11.      Any and all Documents that refer to the debt of Whairhouse RE.

12.      Any and all Documents that refer to any pending lawsuits against Whairhouse RE.

13.      Any and all Communications between any lender and Whairhouse RE for the Properties from 2019 to the present, including all Communications through counsel.

14.      Copies of any appraisal reports obtained for any properties owned by any of the Debtors from 2019 to the present.

15.      All Documents evidencing ownership of any property owned by any of the Debtors, including any predecessors, of the Note and related loan documents for the Properties.

16.      Any and all Documents evidencing the Members, and any officers or directors of Whairhouse RE.

17.      Any and all Documents and Communications with Whairhouse RE respecting efforts to refinance any property owned by any of the Debtors from 2019 to the present.

8

18.     Any Communications with any potential purchaser of the Properties from 2019 to the present.

19.     Any financials relating to Whairhouse RE which were drafted, constructed, reconstructed or otherwise prepared by and lender or financial accountant.

20.     Any and all other Documents and Communications which in any way relate to any property owned by any of the Debtors from 2019 to the present.

21.     Any and all documents with any lender regarding the Properties, including, but not limited to any financial statements provided to any lender to obtain a loan.

22.     Copy of Quickbooks or other accounting software with passwords and names of outside accounting firms used by Whairhouse RE.

23.     Copies of any and all corporate formation and organization documents of Whairhouse RE.

24.     Lists of Whairhouse RE accounts payable and contact information.

25.     Lists of Whairhouse RE accounts receivable and contact information

26.     Evidence of insurance for the properties owned by any of the Debtors.

27.     Evidence of payment of real estate taxes or tax sale notices/certificates for the Properties.

28.     List of Whairhouse RE open/closed bank accounts within last four years.

29.     List of members or outside professionals in possession of corporate books and records of Whairhouse RE.

30.     Copies of deeds, mortgage documents, and/or discharges of liens for all real properties owned by Whairhouse RE during the last four years.

## SCHEDULE "B"

31.     Any and all Documents relating to Whairhouse LLC.

32.     Any and all Documents relating to the Whairhouse LLC Bankruptcy Case

33.     A list of any and all assets owned by Whairhouse LLC.

34.     Copies of all federal and state tax returns of Whairhouse LLC from 2018 – 2021.

35.     Copies of any and all bank statements of Whairhouse LLC for the period January 1, 2019 through September 30, 2023.

36.     Accounting of all payments, monies or funds received by or for the benefit of Whairhouse LLC respecting the Properties.

37.     Detailed payoff respecting any loan(s) for any property owned by any of the Debtors through October 15, 2023.

38.     A list of any and all Investors and/or creditors relating to Whairhouse LLC.

39.     Any and all Documents that refer to the debt of Whairhouse LLC.

40.     Any and all Documents that refer to any pending lawsuits against Whairhouse LLC.

41.     Any and all Communications between any lender and Whairhouse LLC for any property owned by any of the Debtors from 2019 to the present, including all Communications through counsel.

42.     Copies of any appraisal reports obtained for any property owned by any of the Debtors from 2019 to the present.

43.     All Documents evidencing ownership of any property owned by any of the Debtors, including any predecessors, of the Note and related loan documents for the Properties.

44.     Any and all Documents evidencing the Members, and any officers or directors of Whairhouse LLC.

45.     Any and all Documents and Communications with Whairhouse LLC respecting efforts to refinance any property owned by any of the Debtors from 2019 to the present.

46.     Any Communications with any potential purchaser of any property owned by any of the Debtors from 2019 to the present.

47.     Any financials relating to Whairhouse LLC which were drafted, constructed, reconstructed or otherwise prepared by and lender or financial accountant.

48.     Any and all other Documents and Communications which in any way relate to any property owned by any of the Debtors from 2019 to the present.

49.     Any and all documents with any lender regarding the Properties, including, but not limited to any financial statements provided to any lender to obtain a loan.

50.     Copy of Quickbooks or other accounting software with passwords and names of outside accounting firms used by Whairhouse LLC.

51.     Copies of any and all corporate formation and organization documents of Whairhouse LLC.

52.     Lists of Whairhouse LLC accounts payable and contact information.

53.     Lists of Whairhouse LLC accounts receivable and contact information

54.     Evidence of insurance for the Properties.

55.     Evidence of payment of real estate taxes or tax sale notices/certificates for the Properties.

56.     List of Whairhouse LLC open/closed bank accounts within last four years.

57.     List of members or outside professionals in possession of corporate books and records of Whairhouse LLC.

58.     Copies of deeds, mortgage documents, and/or discharges of liens for all real properties owned by Whairhouse LLC during the last four years.

11

# SCHEDULE "C"

59.    Any and all Documents relating to Taylor Court.

60.    Any and all Documents relating to the Taylor Court Bankruptcy Case

61.    A list of any and all assets owned by Taylor Court.

62.    Copies of all federal and state tax returns of Taylor Court from 2018 – 2021.

63.    Copies of any and all bank statements of Taylor Court for the period January 1, 2019 through September 30, 2023.

64.    Accounting of all payments, monies or funds received by or for the benefit of Taylor Court respecting the Property.

65.    Detailed payoff respecting any loan(s) for any property owned by any of the Debtors through October 15, 2023.

66.    A list of any and all Investors and/or creditors relating to Taylor Court.

67.    Any and all Documents that refer to the debt of Taylor Court.

68.    Any and all Documents that refer to any pending lawsuits against Taylor Court.

69.    Any and all Communications between any lender and Taylor Court for any property owned by any of the Debtors from 2019 to the present, including all Communications through counsel.

70.    Copies of any appraisal reports obtained for any property owned by any of the Debtors from 2019 to the present.

71.    All Documents evidencing ownership of any property owned by any of the Debtors, including any predecessors, of the Note and related loan documents for the Property.

72.    Any and all Documents evidencing the Members, and any officers or directors of Taylor Court.

73.    Any and all Documents and Communications with Taylor Court respecting efforts to refinance any property owned by any of the Debtors from 2019 to the present.

74.    Any Communications with any potential purchaser of any property owned by any of the Debtors from 2019 to the present.

4891-1258-4846, v. 1

75.     Any financials relating to Taylor Court which were drafted, constructed, reconstructed or otherwise prepared by and lender or financial accountant.

76.     Any and all other Documents and Communications which in any way relate to any property owned by any of the Debtors from 2019 to the present.

77.     Any and all documents with any lender regarding any property owned by any of the Debtors, including, but not limited to any financial statements provided to any lender to obtain a loan.

78.     Copy of Quickbooks or other accounting software with passwords and names of outside accounting firms used by Taylor Court.

79.     Copies of any and all corporate formation and organization documents of Taylor Court.

80.     Lists of Taylor Court accounts payable and contact information.

81.     Lists of Taylor Court accounts receivable and contact information

82.     Evidence of insurance for any property owned by any of the Debtors.

83.     Evidence of payment of real estate taxes or tax sale notices/certificates for any property owned by any of the Debtors.

84.     List of Taylor Court open/closed bank accounts within last four years.

85.     List of members or outside professionals in possession of corporate books and records of Taylor Court.

86.     Copies of deeds, mortgage documents, and/or discharges of liens for all real properties owned by Taylor Court during the last four years.

4891-1258-4846, v. 1